

**THE LAW OFFICES OF
JUDITH VARGAS**



May 18, 2026

**VIA ECF**
Hon. Katherine Polk Failla
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re: _United States v. Ricardo Garcia_, 15 Cr. 608 (KPF)
_Request for Early Termination of Supervised Release (18 U.S.C. § 3583(e)(1))_

Dear Judge Failla:

I write on behalf of my client, Ricardo Garcia, to respectfully request early termination of his supervised release pursuant to 18 U.S.C. § 3583(e)(1). Mr. Garcia has been on supervision since March 2022, following the Court's March 3, 2022 Judgment revoking and reimposing a five-year term of supervised release. He has now completed over four years of that term.

Importantly, Mr. Garcia's supervising Probation Officer, Mr. Michael Nicholson, has informed me that he fully supports and endorses early termination. Mr. Nicholson reports that Mr. Garcia has done everything required of him, has demonstrated sustained compliance and stability, and that continued supervision would not serve any further purpose.

### 1.     Mr. Garcia has maintained full-time employment since 2022

Since December 2022, Mr. Garcia has been employed full-time with Global Pest Control, where he works approximately 40 hours per week at $25 per hour. His employer confirms that he is an employee in good standing and is currently on a brief medical leave related to a Workers' Compensation injury, with an anticipated return to work. (_See_ attached letter from Global Pest Control, dated May 7, 2026.)

Mr. Garcia has also performed side work as a security officer, but he has not been able to continue in that role because he cannot obtain the required Albany-issued security-guard license while he remains on supervised release. His security employer has indicated that they would hire him full-time immediately upon licensure, but they cannot sponsor or process his license application until he is off supervision. Early termination would remove this barrier and allow him to transition into a higher-paying, more stable career path.

_NEW YORK_
20 Vesey Street * Suite 400 * New York, NY 10007
* Tel: 212.668-0024 * Cell: 917-270-5313 * Fax: 212.668.0060

_PUERTO RICO SATELLITE_
MCS Plaza * Suite 1200 * Ponce de Leon Avenue
San Juan, PR 00917

Judithvargas1@aol.com

Re: United States v. Ricardo Garcia, 15 Cr. 608 (KPF)
Request for Early Termination of Supervised Release (18 U.S.C. § 3583(e)(1))
May 18, 2026
Page 2

**2.      Mr. Garcia has had full custody of his daughter since 2023 and provides all of her daily care**

Mr. Garcia has been the sole custodial parent of his 11-year-old daughter (who turns 12 on June 21) for the past three years. He provides daily care, stable housing, and consistent school support. Her academic performance and attendance have improved significantly under his care.

He is also responsible for all of her medical and dental care, and he has taken her to every medical and dental appointment since obtaining custody. He has demonstrated consistent, hands-on parenting and a high level of responsibility.

Supervision imposes logistical constraints that complicate his ability to manage childcare, school meetings, and work obligations. Early termination would allow him to continue supporting his daughter without unnecessary administrative burdens.

**3.      Mr. Garcia has been fully compliant for years**

Since beginning this term of supervision in 2022, Mr. Garcia has:

• committed no new violations
• maintained stable employment and housing
• tested negative for all substances
• completed all treatment requirements
• attended all appointments
• cooperated fully with Probation

Probation Officer Nicholson confirms that Mr. Garcia has been consistently compliant and has demonstrated genuine rehabilitation.

**4.      Mr. Garcia has engaged in mental health treatment and is doing well**

Approximately one year ago, Mr. Garcia began outpatient mental health treatment, as recommended by Probation. He has attended consistently, has been fully compliant with all treatment recommendations, and his provider reports that he is stable, engaged, and benefiting from treatment.

His participation reflects maturity, insight, and a commitment to long-term stability. Probation has confirmed that he is doing well and that continued supervision is not necessary to ensure his continued progress.

*NEW YORK*
20 Vesey Street * Suite 400 * New York, NY  10007
* Tel:  212.668-0024 * Cell:  917-270-5313 * Fax: 212.668.0060

*PUERTO RICO SATELLITE*
MCS Plaza * Suite 1200 * Ponce de Leon Avenue
San Juan, PR  00917

Judithvargas1@aol.com

Re: United States v. Ricardo Garcia, 15 Cr. 608 (KPF)
Request for Early Termination of Supervised Release (18 U.S.C. § 3583(e)(1))
May 18, 2026
Page 3

**5.      Continued supervision is not necessary to protect the public or promote rehabilitation**

Under § 3583(e)(1), early termination is appropriate where the defendant's conduct and the interests of justice support it. Courts in this District routinely grant early termination where a supervisee has demonstrated:

- long-term compliance
- stable employment
- family responsibilities
- mental health stability
- no ongoing risk to the community
- a clear trajectory of rehabilitation

Mr. Garcia's progress over the past four years shows that continued supervision would not meaningfully advance the goals of sentencing.

**6.      Early termination would remove a barrier to better employment**

Mr. Garcia's security employer has confirmed that they cannot process his Albany security guard license while he remains on supervised release. This license is required for full-time work and higher pay. Early termination would allow him to obtain that license and continue supporting his daughter with greater financial stability.

## Conclusion

For all of these reasons — Mr. Garcia's sustained compliance, stable employment, full-time parenting responsibilities, consistent mental health treatment, and the professional limitations imposed by continued supervision — and with the full support of supervising Probation Officer Michael Nicholson, we respectfully request that the Court grant early termination of his supervised release pursuant to 18 U.S.C. § 3583(e)(1).

Respectfully,

*s/. Judith Vargas*

Judith Vargas, Esq.
Attorney for Ricardo Garcia

**Attachment:** Letter from Global Pest Control (May 7, 2026)

*NEW YORK*
20 Vesey Street * Suite 400 * New York, NY  10007
* Tel:  212.668-0024 * Cell:  917-270-5313 * Fax: 212.668.0060

*PUERTO RICO SATELLITE*
MCS Plaza * Suite 1200 * Ponce de Leon Avenue
San Juan, PR  00917

Judithvargas1@aol.com



365 Route 59, Suite 160
Airmont, NY 10952
Service@GlobalExterminating.com
T: 866.399.8200
F: 877.672.2220

GlobalExterminating.com

May 7, 2026

Ricardo Garcia
82 Waring Place
Yonkers, NY 10703

To Whom It May Concern:

This is to verify that Ricardo Garcia has been an employee in good standing at Global Pest Control since December 2022.

Ricardo is a full-time employee with an average of 40 hours per week at $25.00 per hour. Ricardo is temporarily on medical leave for a Worker's Compensation related injury and is anticipated to return to work.

Please feel free to contact us for any further information you may need.

Thank you.

Rachel Owrutsky
Director, Human Resources

Having weighed the applicable ¶ 3553(a) factors, *see* 18 U.S.C. ¶ 3583(e), and for substantially the reasons articulated in Mr. Garcia's above letter, the Court GRANTS his application and TERMINATES his period of supervised release.  The Court is pleased to hear about the strides that Mr. Garcia has made and wishes him all the best in the future. The Court will enter a Probation Form No. 35 under separate cover.

The Clerk of Court is directed to terminate the pending motion at docket entry 669.

Dated:     May 20, 2026                    SO ORDERED.
           New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE